1

2

3

4

5

6

7

8               UNITED STATES DISTRICT COURT

9               CENTRAL DISTRICT OF CALIFORNIA

10

11      DIANA D.,[1]                              Case No. 5:18-cv-01996-GJS

12                    Plaintiff

13            v.                                   **MEMORANDUM OPINION AND
                                                   ORDER**
14      ANDREW M. SAUL, Commissioner
        of Social Security,[2]
15
                      Defendant.
16

17                   **I.    PROCEDURAL HISTORY**

18            Plaintiff Diana D. ("Plaintiff") filed a complaint seeking review of the

19      decision of the Commissioner of Social Security denying her application for

20      Disability Insurance Benefits ("DIB").   Pursuant to 28 U.S.C. § 636(c), the parties

21      consented to proceed before the undersigned United States Magistrate Judge and

22      filed briefs addressing the disputed issues in this case.  [Dkt. 17 ("Pl. Br."), Dkt. 21

23      ("Def. Br."), Dkt. 22 ("Reply").]  The Court has taken the parties' briefing under

24      submission without oral argument.  For the reasons set forth below, the Court

25      _____

26      [1]      In the interest of privacy, this Order uses only the first name and the initial of
        the last name of the non-governmental party in this case.
27

28      [2]      Andrew M. Saul, now Commissioner of the Social Security Administration, is
        substituted as defendant for Nancy A. Berryhill.  *See* Fed. R. Civ. P. 25(d).

affirms the decision of the ALJ and orders that judgment be entered accordingly.

## II. ADMINISTRATIVE DECISION UNDER REVIEW

On October 24, 2014, Plaintiff filed an application for DIB alleging disability beginning May 14, 2010. [Dkt. 14, Administrative Record ("AR") 145-147.] In both applications, Plaintiff stated that she became disabled and unable to work due to her physical impairments. Defendant denied her application on initial review and reconsideration, and Plaintiff was found not disabled by an Administrative Law Judge ("ALJ") in a September 20, 2017 decision. [AR 15-23.] Plaintiff sought review of the ALJ's decision, which was denied. The present case before the Court followed.

As relevant here, ALJ's decision under review found that Plaintiff had severe impairments including pancreatitis, cervical spine degenerative disc disease, lumbar spine degenerative disc disease, hernia, and obesity. [AR 17.] The ALJ then found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled a listed impairment. [AR 17.] Based on her impairments, the ALJ found that Plaintiff had the Residual Functional Capacity ("RFC") to perform the full range of light work as defined in 20 CFR 404.1567(b). [AR 19.]

The ALJ then determined that Plaintiff could perform her past relevant work and therefore she was not under a disability through her date last insured. [AR 22-23.]

## III. GOVERNING STANDARD

Under 42 U.S.C. § 405(g), the Court reviews the Commissioner's decision to determine if: (1) the Commissioner's findings are supported by substantial evidence; and (2) the Commissioner used correct legal standards. *See Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1159 (9th Cir. 2008); *Brewes v. Comm'r Soc. Sec. Admin.*, 682 F.3d 1157, 1161 (9th Cir. 2012) (internal citation omitted).

"Substantial evidence is more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Gutierrez v. Comm'r of Soc. Sec.*, 740 F.3d 519, 522-23 (9th Cir. 2014) (internal citations omitted).

The Court will uphold the Commissioner's decision when the evidence is susceptible to more than one rational interpretation. *See Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012). However, the Court may review only the reasons stated by the ALJ in his decision "and may not affirm the ALJ on a ground upon which he did not rely." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). The Court will not reverse the Commissioner's decision if it is based on harmless error, which exists if the error is "inconsequential to the ultimate nondisability determination, or if despite the legal error, the agency's path may reasonably be discerned." *Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015) (internal quotation marks and citations omitted).

## IV.    DISCUSSION

Appealing the Commissioner's decision to deny her application for benefits, Plaintiff argues the ALJ erred in his evaluation of her subjective complaints, specifically that she could not complete a full work day due to her chronic pancreatitis. (Doc. 15 at 16-26.). According to Plaintiff, because "she has to lie down more than half the day," she cannot complete her past relevant work as determined by the ALJ. Therefore, the sole issue in dispute is whether the ALJ properly evaluated Plaintiff's subjective symptom testimony.

### A.    Legal Standard

Where, as here, the ALJ finds that a claimant suffers from a medically determinable physical or mental impairment that could reasonably be expected to produce her alleged symptoms, the ALJ must evaluate "the intensity and persistence of those symptoms to determine the extent to which the symptoms limit an individual's ability to perform work-related activities for an adult ...." Soc. Sec.

3

Ruling ("SSR") 16-3p, 2017 WL 5180304, *3.6.

A claimant initially must produce objective medical evidence establishing a medical impairment reasonably likely to be the cause of the subjective symptoms. *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996); *Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cir. 1991). Once a claimant produces objective medical evidence of an underlying impairment that could reasonably be expected to produce the pain or other symptoms alleged, and there is no evidence of malingering, the ALJ may reject the claimant's testimony regarding the severity of his or her pain and symptoms only by articulating specific, clear and convincing reasons for doing so. *Brown-Hunter v. Colvin*, 798 F.3d 749, 755 (9th Cir. 2015) (*citing Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007)); *see also Smolen*, *supra*; *Robbins v. Social Sec. Admin*, 466 F.3d 880, 883 (9th Cir. 2006); *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998); *Light v. Social Sec. Admin.*, 119 F.3d 789, 792 (9th Cir. 1997). Because the ALJ does not find that Plaintiff was malingering, the "clear and convincing" standard stated above applies.

Generalized, conclusory findings do not suffice. *See Moisa v. Barnhart*, 367 F.3d 882, 885 (9th Cir. 2004) (the ALJ's credibility findings "must be sufficiently specific to allow a reviewing court to conclude the [ALJ] rejected [the] claimant's testimony on permissible grounds and did not arbitrarily discredit the claimant's testimony") (citation and internal quotation marks omitted); *Holohan v. Massanari*, 246 F.3d 1195, 1208 (9th Cir. 2001) (the ALJ must "specifically identify the testimony [the ALJ] finds not to be credible and must explain what evidence undermines the testimony"); *Smolen*, 80 F.3d at 1284 ("The ALJ must state specifically which symptom testimony is not credible and what facts in the record lead to that conclusion.").

**B.     Plaintiff's Testimony**

At the hearing, Plaintiff testified about her impairments including: chronic pancreatitis, neck pain, back pain, and headaches. Plaintiff testified that she was

diagnosed with chronic pancreatitis in 2008, approximately two years before her May 14, 2010 disability onset date. [AR 38.] Plaintiff's pancreatitis causes "a real deep pain in her stomach" and nausea. [AR 38.] To treat her pancreatitis, Plaintiff takes Creon, an enzyme medication, daily, because her body no longer produces enzymes. [AR 39.]

When asked about her other impairments, Plaintiff testified that she also suffers from neck pain, back pain, and muscle spasms, but her treatment for those symptoms has been delayed due to her aneurysm diagnosis. In November 2015, Plaintiff was diagnosed with an aneurysm that causes severe headaches, blurred vision and muscle spasms in the back of her head, down to her lower back. [AR 42.] Plaintiff has had five endovascular procedures to place coils in her aneurysm in order to reduce its size. [AR 42.] However, because the aneurysm is still growing, Plaintiff may need "open head" surgery in the future. [AR 42.] Plaintiff also suffers from sciatic nerve pain that she cannot relieve due to her ibuprofen allergy. [AR 40-41.]

When asked about her limitations due to her impairments, Plaintiff testified that she has difficulty walking for longer than 20 minutes, difficulty standing and sitting for prolonged periods, and she needs to lie down more than half the day. [AR 43-45].

**C.    The ALJ's Decision Sets Forth At Least One Clear and Convincing Reason for Rejecting Plaintiff's Credibility**

With respect to Plaintiff's "debilitating pancreatitis," the ALJ initially found that Plaintiff's allegations were inconsistent with the medical evidence of record.[3] [AR 19.] Specifically, the ALJ noted that Plaintiff's "physical examination revealed normal findings" and "a comprehensive metabolic panel" was within normal limits. [AR 19.] The ALJ further observed that treatment records reflected that Plaintiff's

---

[3]    Plaintiff does not challenge the ALJ's findings with respect to inconsistency with the objective medical evidence.

pancreatitis was "generally well controlled" with medications, when Plaintiff "was compliant with taking them as prescribed treatment." [AR 19.]

The Court's review of the record reveals that the ALJ properly discounted Plaintiff's testimony about the intensity, persistence and limiting effects of her pancreatitis based on Plaintiff's consistent and positive to response to her medication, when taken as prescribed. [AR 19, 302-307.] The effectiveness of treatment is a relevant factor in determining the severity of a claimant's symptoms. 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3); *see also Warre v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006) ("Impairments that can be controlled effectively with medication are not disabling for the purpose of determining eligibility for ... benefits."). Substantial evidence of effective treatment may provide a specific, clear, and convincing reason to discount a claimant's subjective symptom testimony. *See Youngblood v. Berryhill*, 734 F. App'x 496, 499 (9th Cir. 2018) (affirming ALJ decision citing "instances where treatment and medication alleviated [the claimant's] symptoms" to discount claimant's testimony).

Here, the ALJ set out ample evidence demonstrating that Plaintiff's impairments were effectively controlled with medication. First, in summarizing Plaintiff's pancreatitis treatment between 2011 through Plaintiff's date last insured, December 31, 2014; [4] the ALJ noted that on September 18, 2011, Plaintiff reported to the hospital for evaluation of significant abdominal pain. [AR 19.] Upon admission, Plaintiff acknowledged that she had not been compliant with her medications because she lost her insurance prior to hospitalization. [AR 20, 304-307.] Plaintiff remained in the hospital for four days and her condition improved with treatment. [AR 20, 303.] Plaintiff was restarted on medications and she was

---

[4] The ALJ read and considered all the medical evidence in the record, including evidence from the period prior to Plaintiff's alleged onset date. However, the ALJ concluded that there was no evidence to support any disabling functional limitation prior to the Plaintiff's date last insured. [AR 19.]

recommended to follow-up with a gastroenterologist at a clinic after discharge. [AR 20.] Plaintiff was hospitalized again on April 1, 2012. [AR 288.] However, her follow-up appointment on April 9, 2012, noted that Plaintiff had presented to the emergency department [on April 1, 2012] with pancreatitis symptoms because she could no longer afford her pancreatitis medications. [AR 420.] Based on this evidence, it was rational for the ALJ to infer that when Plaintiff was hospitalized in 2011 and 2012 it was due to the fact that she failed to take her prescribed medications.

Plaintiff's failure to take her medications also resulted in a hospital stay in 2013. On May 16, 2013, Plaintiff was directed to continue her use of "Creon and Cholestyramine" for treatment of her pancreatitis. [AR 394.] However, two months later, on July 24, 2013, Plaintiff visited the emergency room with complaints of "epigastric abdominal discomfort and vomiting for the last day." [AR 402.] Plaintiff was reported as taking "dicyclomine, tramadol, and Creon." [AR 402.] At her follow-up appointment on December 5, 2013, Plaintiff's "epigastric pain [was] significantly better." [AR 401.] The physician noted that Plaintiff is compliant with "Creon and cholestyramine," but "her pain worsened once she tried to stop cholestyramine." [AR 401.] This is record evidence, as the ALJ noted that Plaintiff's symptoms were controlled when Plaintiff took her medication as prescribed. [AR 20.]

Indeed, in a series of follow-up appointments, Plaintiff's epigastric pain was frequently described as: improved while compliant with her medication (AR 386 - May 9, 2013; AR 394 -May 16, 2013); "somewhat improved" (AR 442, September 26, 2012); "doing well" (AR 373, August 14, 2013); and "significantly better" (AR 401, December 5, 2013)." With only few variations, Plaintiff consistently reported her pancreatitis related pain as "mild" or a 4 out of 10 with her abdominal pain symptoms noted as relieved by pain medication. [AR 371, 382, 439, 442, 447.]

Given the weight of this evidence, the ALJ correctly inferred from the

longitudinal record that Plaintiff's symptoms from pancreatitis were generally short lived and medication was effective in controlling her symptoms when she was compliant with prescribed treatment. [AR 19, 21, 354, 357- 359, 363, 371, 373, 388, 429, 442.] *See Macri v. Charter*, 93 F.3d 540, 544 (9th Cir. 1996) (ALJ is entitled to draw inferences logically flowing from the evidence).

In rejecting the ALJ's analysis, Plaintiff argues that the reason her symptoms were well controlled is because she lies down half the day. (Dkt. 17 at 2, 6). However, it appears that Plaintiff attributes her need to nap throughout the day to controlling her headaches and not entirely to ameliorating her pancreatitis symptoms. At the hearing, Plaintiff testified that she was diagnosed with an aneurysm in November 2015 that causes "severe headaches, blurred vision, eye pain and muscle spasms." [AR 41-42.] The ALJ then asked Plaintiff about her impairment related limitations as follows:

[Q]: And do you lie down during the day?

[A]: Yes, I do.

[Q]: How much of your day do you spend lying down?

[A]: Oh, man, half the day.

[Q]: And why is that? Why do you feel you need to lie down?

[A]: Because of the headaches that I get. They get so severe.

[AR 44.]

As the ALJ noted, while there was evidence that Plaintiff's condition did worsen in 2015, when Plaintiff was diagnosed with an aneurysm requiring coil embolization, these records are not within the relevant time period. [AR 19.]

Ultimately, the ALJ cited at least one clear and convincing reason for rejecting Plaintiff's subjective complaints regarding the intensity, duration, and limiting effects of her symptoms. Moreover, the ALJ's reason was properly supported by the record and sufficiently specific to allow this Court to conclude that the ALJ rejected Plaintiff's testimony on permissible grounds and did not arbitrarily

discredit Plaintiff's testimony.  Accordingly, reversal is not warranted based on the ALJ's consideration of Plaintiff's testimony regarding the nature and severity of her symptoms.

## V.    CONCLUSION

For all of the foregoing reasons, **IT IS ORDERED** that the decision of the Commissioner finding Plaintiff not disabled is AFFIRMED.

**IT IS SO ORDERED.**

DATED:  October 15, 2019

_____
GAIL J. STANDISH
UNITED STATES MAGISTRATE JUDGE